UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY KEARNS GILBERT,** | Civil Action No. 14-243 (NLH) |
| Petitioner, | |
| v. | MEMORANDUM ORDER |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

IT APPEARING THAT:

1. Petitioner, Jeffrey Kearns Gilbert, filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on or about January 14, 2014. (ECF No. 1).

2. On April 16, 2014, Judge Irenas entered an order advising Petitioner of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

3. Petitioner responded to that order on May 30, 2014, with a letter in which he stated that although he wished only to raise the issues contained in his initial motion, Petitioner intended to submit an appendix of exhibits and an affidavit in support of his motion within thirty days, and "assorted motions and documentation in support of the motions[,] additional affidavits[,] and other documentation and evidence as I obtain it." (ECF No. 4).

4. On June 27, 2014, the Government submitted a letter noting that Petitioner had still not filed a brief in support of his petition. (ECF No. 5). The Government further informed the Court

that Petitioner had previously lost his right to appeal due to his multiple failures to follow the page limits and other restrictions placed on briefs before the Court of Appeals as Petitioner had repeatedly attempted to file briefs that were several hundred pages in length. (Id.). Because of this history, the Government requested that this Court provide a firm deadline by which Petitioner was to file his brief in support and to set firm page limits for any brief filed in this matter. (Id. at 2).

5. Following receipt of the letter on June 27, Judge Irenas entered an order that same day directing the Government to answer the motion within forty-five days. (ECF No. 7). That order also provided that Petitioner would be permitted to file a reply brief within forty-five days of the date of the filing of the answer. (Id. at 2). Finally, the order placed the following restriction on both parties: "all briefs submitted in this case shall be limited to 40 ordinary typed or printed pages and subject to the formatting requirements of Local Civil Rule 7.2." (Id.).

6. Following several extensions, the Government filed a letter on August 19, 2015, noting that the answer was ready for filing, but was then forty-six pages long. (ECF No. 11). The Government therefore requested a slight variance permitting it to file a slightly over-length brief. (Id.). This Court granted that request on August 24, 2015, but limited the length of the

Government's brief to a maximum of forty-seven pages. (ECF No. 12).

7.   The Government filed its answer on August 31, 2015, and Petitioner's reply was initially due on October 15, 2015. (ECF No. 13).

8.   On October 22, 2015, Petitioner filed a letter in which he requested an extension of time through December 31, 2015, for the filing of his reply brief because of various constraints on his time and other difficulties. (ECF No. 14).

9.   This Court granted that order on November 2, 2015, over the Government's objection. (ECF No. 15).

10.  On December 31, 2015, Petitioner submitted another letter requesting an extension of time within which to file his reply brief. (ECF No. 17). In his letter, Petitioner argued that because of the complexity of his criminal case and the extensive documentation involved, he would need additional time to complete his reply. (Id. at 1-3). Petitioner's letter also argued that the limitations on his briefing – that he could file only a single reply brief not to exceed forty pages – placed great constraints on him, and noted that he intended to include in his reply additional factual support for his claims. (Id. at 4-5). Petitioner therefore also requested that the page limitations be lifted and a potential new round of briefing commence after the filing of the reply. (Id. at 6-7).

11.  On January 12, 2016, the Government submitted opposition to Petitioner's request for a further extension of time. (ECF No. 18). In that opposition, the Government argued that Petitioner should not be permitted to raise new facts and claims in his reply brief not already presented in his original motion and that no further extension should be permitted. (Id. at 1-3). The Government also clearly expressed opposition to Petitioner's suggestion of further rounds of briefing or the like. (Id. at 2-3).

12.  Given the history and complexity of this matter, as well as the numerous extensions provided to the Government in the filing of the answer, this Court finds that Petitioner has shown good cause why a further extension should be provided, and thus will grant Petitioner's request for an extension of time.

13.  Given that same history, including Petitioner's filing of numerous exceedingly over length briefs before the Court of Appeals, however, this Court will not lift the page limitations placed upon Petitioner by Judge Irenas. Petitioner shall therefore be permitted to file a single reply brief which shall not exceed forty typed or printed pages in compliance with the requirements of Local Civil Rule 7.2.

14.  Finally, this Court notes that Petitioner is permitted to submit a reply brief. "It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the

initial brief that the respondent has refuted." Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 998 F. Supp. 447, 458 (D.N.J. 1998); see also Jurista v. Amerinox Processing, Inc., 492 B.R. 707, 779-80 (D.N.J. 2013). "[N]ew arguments cannot be raised for the first time in reply briefs." Jurista, 492 B.R. at 779-80 (citing Elizabethtown Water Co., 998 F. Supp. At 458). Petitioner's reply brief should thus either respond to the arguments of the Government or explain points refuted by the Government's answer, and should not contain new claims raised for the first time within the reply brief itself. Should Petitioner choose to attempt to raise new arguments for the first time in his reply brief, this Court would be free to refuse to address those new arguments. See, e.g., Judge v. United States, --- F. Supp. 3d ---, ---, 2015 WL 4742380, at *6 (D.N.J. 2015).

IT IS THEREFORE, on this 13th day of January, 2016,

ORDERED that Petitioner's motion for an extension of time within which to file his reply brief (ECF No. 17) is hereby GRANTED; and it is further

ORDERED that Petitioner shall file his reply brief within thirty (30) days of the date of this Order; and it is further

ORDERED that no further extensions shall be given; and it is further

ORDERED that Petitioner's reply shall not exceed forty (40) pages and shall follow the formatting requirements of Local Civil Rule 7.2; and it is further

ORDERED that Petitioner's reply brief shall comply with the applicable rules regarding the purpose and nature of replies, see Elizabethtown Water Co., 998 F. Supp. At 458; Jurista; 492 B.R. at 779-80; and it is finally

ORDERED that the Clerk of the Court shall serve this Order upon Respondents electronically and upon Petitioner by regular mail.

                                                s/ Noel L. Hillman
                                                Hon. Noel L. Hillman,
                                                United States District Judge

   At Camden, New Jersey