UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY KEARNS GILBERT,    |    Civil Action No. 14-243 (NLH)
                          |
        Petitioner,       |
                          |
    v.                    |         OPINION
                          |
UNITED STATES OF AMERICA, |
                          |
        Respondent.       |

APPEARANCES:

JEFFREY KEARNS GILBERT
4-L-A Arbor Green
275 Green Street
Edgewater Park, NJ 08010
Petitioner, Pro Se

HOWARD JOSHUA WIENER, Assistant U.S. Attorney
PAUL J. FISHMAN, United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101
Attorneys for the United States of America

**Hillman, District Judge:**

Currently before the Court is the motion of Petitioner,

Jeffrey Kearns Gilbert, to vacate his sentence pursuant to 28

U.S.C. § 2255.  (ECF No. 1).  Following several extensions, the

Government has filed a response to the motion.  (ECF No. 13).

Despite several extensions and ample opportunity, Petitioner has

not filed a reply brief.  For the following reasons, this Court

will deny Petitioner's motion and will deny Petitioner a
certificate of appealability.

I.  **BACKGROUND**

Because many of Petitioner's claims are procedurally
barred, and because Petitioner has failed to establish even a
prima facie case of ineffective assistance of counsel in his
remaining claims, only a brief recitation of the facts
underlying Petitioner's criminal prosecution is necessary for
the purposes of this opinion.  In December 2001, Petitioner,
Jeffrey Kearns Gilbert, was indicted for the following charges:
three counts of bank fraud in violation of 18 U.S.C. § 1344, two
counts of trafficking in unauthorized access devices in
violation of 18 U.S.C. § 1029(a)(2), and two counts of
possession of at least 15 unauthorized access devices in
violation of 18 U.S.C. § 1029(a)(3).  (Indictment, Criminal
Docket No. 01-789 at ECF No. 33; see also Judgment, Criminal
Docket No. 01-789 at ECF No. 272).

Although Petitioner was initially represented by appointed
counsel (see Orders, Criminal Docket No. 01-789 at ECF Nos. 4,
40), Petitioner ultimately elected to proceed pro se for most of
his pre-trial litigation, albeit with the aid of standby
counsel.  (See Order Relieving Counsel, Criminal Docket No. 01-
789 at ECF No. 60).  During his period of self-representation,
Petitioner filed numerous pre-trial motions in which he sought

2

to suppress evidence, dismiss the indictment, and seek various forms of discovery. (See, e.g., Motions, Criminal Docket No. 01-789 at ECF Nos. 96-102). Prior to trial, however, Petitioner ultimately elected to have standby counsel appointed as his counsel of record. (Order Appointing Counsel, Criminal Docket No. 01-789 at ECF No. 134).

Petitioner's case proceeded to trial, and Petitioner was found guilty of all counts of the indictment by a jury on April 20, 2005. (Jury Verdict, Criminal Docket No. 01-789 at ECF No. 214). Following the verdict, Petitioner again elected to proceed pro se throughout his sentencing. (See Order, Criminal Docket No. 01-789 at ECF No. 234). Although the trial court permitted Petitioner to resume his self-representation, the trial court denied Petitioner's request for the appointment of new standby counsel. (Id.). Petitioner was sentenced on April 13, 2006, to an aggregate prison term of 132 months. (Judgment, Criminal Docket No. 01-789 at ECF No. 272). After the trial judge denied several of Petitioner's pre-trial motions, Petitioner filed notice of his intention to appeal his conviction on April 20, 2006. (Notice of Appeal, Criminal Docket No. 01-789 at ECF No. 273).

Although Petitioner initially filed a financial affidavit for the purposes of the appointment of counsel on appeal with the Third Circuit, he ultimately elected to proceed pro se and

waive counsel in May of 2006.  (Waiver of Counsel filed May 4, 2006, Third Circuit Docket No. 06-2398 Docket Sheet; see also Clerk's Order Permitting Petitioner to Proceed Pro Se on Appeal, filed June 16, 2006, Third Circuit Docket No. 06-2398 Docket Sheet).  Petitioner received several extensions of time within which to file his brief on appeal, and he eventually requested the appointment of standby counsel, a request which was denied by the Court of Appeals in May 2007 as the Third Circuit does not permit "hybrid" representation on appeal.  (See Order Denying Appointment of Standby Counsel filed on May 1, 2007, Third Circuit Docket No. 06-2398 Docket Sheet).

Following that denial, Petitioner continued to request numerous extensions of time without filing an appellate brief until, on September 10, 2009, the Third Circuit ordered Petitioner to show cause for his failure to file a brief despite the fact that his appeal had been pending for over three years.  (See Order filed September 10, 2009, Third Circuit Docket No. 06-2398 at Document No. 00319806538).  In response to that Order, Petitioner indicated that he was preparing to file his final brief, and requested that he be permitted to file a greatly over-length brief of approximately 340 pages.  (See Motion to Relax Page Limit filed September 24, 2009, Third Circuit Docket No. 06-2398 at Document No. 00319853510).  On October 28, 2009, the Third Circuit entered an order denying in

4

part and granting in part Petitioner's request, and requiring him to file a brief, the substance of which was not to exceed fifty pages, on or before December 23, 2009.  (See Order dated October 28, 2009, Third Circuit Docket No. 06-2398 at Document No. 00319876615).

Although Petitioner requested, and was granted, numerous additional extensions, Petitioner failed to ever file a compliant brief.  (See Order Requiring Petitioner to File a Compliant Brief Within Forty Days dated November 29, 2010, Third Circuit Docket No. 06-2398 at Document No. 003110361654).  Based on his continued failure to file a compliant brief, the Third Circuit dismissed Petitioner's appeal for failure to timely prosecute on September 29, 2011.  (Order Dismissing Appeal dated September 29, 2011, Third Circuit Docket No. 06-2398 at Document No. 003110670471).  Petitioner thereafter filed a motion for reconsideration and for the appointment of counsel to help him perfect his dismissed appeal, which the Government opposed, but the Third Circuit denied Petitioner's requests and terminated Petitioner's appeal on April 24, 2012.  (Order dated April 24, 2016, Third Circuit Docket No. 06-2398 at Document No. 003110878453).  Petitioner thereafter filed a petition for certiorari, which the Supreme Court denied on January 14, 2013. (See Third Circuit Docket No. 06-2398 Docket Sheet).  Petitioner

thus lost his right to appeal because of his own failure to file a compliant brief.

Petitioner thereafter filed his motion to vacate his sentence on or about January 14, 2014.  (ECF No. 1).  Judge Irenas, who was originally assigned to this matter, entered an order advising Petitioner of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), on April 16, 2014.  (ECF No. 3).  In his response, Petitioner stated that his original petition set forth all of his claims, but noted that Petitioner intended to incrementally file various briefs in support of his motion, starting with an affidavit and appendix of exhibits to be filed on or before June 30, 2014.  (ECF No. 4).  After the Government opposed Petitioner's intention to incrementally file his supporting brief, Judge Irenas entered an Order on June 27, 2014, requiring the Government to file an answer to the motion within forty-five days, permitting Petitioner to file a single reply brief, and limiting all briefs in this matter to "40 ordinary typed or printed pages."  (ECF No. 7).  In a letter accompanying that order, Judge Irenas explained to both Petitioner and the Government that the rules applicable to § 2255 motions would not permit Petitioner to incrementally file his supporting documents, and that Petitioner's request to do so was "specifically denied."  (ECF No. 6).

6

Following numerous extensions and a request to file a brief not to exceed 47 pages which Judge Irenas granted, the Government filed its answer on August 31, 2015. (ECF No. 13). Petitioner thereafter filed a motion requesting additional time to file his reply brief, which this Court granted, permitting Plaintiff to file his brief on or before December 31, 2015. (See ECF Nos. 14-15). On January 4, 2016, Petitioner filed a letter requesting that this Court relax Judge Irenas's restrictions as to the page limit of Petitioner's reply brief and requesting another extension of time. (ECF No. 17). The Government opposed that motion. (ECF No. 18). On January 13, 2016, this Court entered an Order denying Petitioner's request to relax the page limit restrictions, and granting Petitioner permission to file his reply brief within thirty days. (ECF No. 19). In that Order, this Court also specifically advised Petitioner that he was to file a reply brief and that Petitioner would be provided with no further extensions. (Id.). Despite that order, Petitioner filed two further letters requesting extensions on January 29 and February 18, 2016. (ECF Nos. 20-21). Petitioner has filed neither a brief in support of his motion to vacate his sentence nor a reply brief despite being provided considerable time in which to file his reply.

## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Horsley, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)), cert. denied, 444 U.S. 865 (1979); see also Morelli v. United States, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B.  Analysis**

**1.  A hearing is not necessary in this matter**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005); United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).  "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required."  Judge v. United States, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); see also Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); see also United States v. Tuyen Quang Pham, 587 F. App'x 6, 8 (3d Cir. 2014); Booth, 432 F.3d at 546.  For the reasons expressed below, Petitioner's claims are all clearly either procedurally defaulted or without merit on the basis of the record before this Court, and no evidentiary hearing is thus required to resolve Petitioner's motion.


**2.  Petitioner's non-ineffective assistance claims are procedurally defaulted**

Petitioner's motion contains numerous claims.  Because Petitioner failed to perfect his direct appeal, and thus never raised his various claims on the merits before the Third Circuit on direct appeal, all of those claims other than Petitioner's ineffective assistance claims are procedurally defaulted.[1] "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994); Sunal v. Large, 332 U.S. 174, 178 (1947)).  As a result, with the exception of those ineffective assistance

---

[1] Petitioner attempts in his motion to suggest that his claims that the trial court denied him his right to self-representation, that he was denied due process by prosecutorial misconduct, and the trial court erred in its rulings on Petitioner's various motions to relieve counsel required the development of facts outside of the record and thus could only be raised in a collateral proceeding rather than on direct appeal.  Petitioner provides no facts to support these assertions, and because Petitioner is complaining about rulings made by the trial court and actions taken by the prosecutor and counsel on the record, it appears that Petitioner is incorrect.  These claims, too, thus appear to be procedurally defaulted as Petitioner has not shown that they could not have been raised on direct appeal.  See Massaro, 538 U.S. at 504; Frady, 456 U.S. at 167-68; DeRewal, 10 F.3d at 105 n. 4; Parkin, 565 F. App'x at 151-52.  In any event, Petitioner has provided no factual assertions in support of his allegations, and these three claims would be subject to denial on that basis as well.  See Palmer v. Hendricks, 592 F.3d 386, 395 (3d Cir. 2010) (a Petitioner fails to establish his entitlement to habeas relief where he provides "unadorned legal conclusions" without providing factual support for those conclusions); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("vague and conclusory allegations contained in a § 2255 [motion] may be disposed of without further investigation by the District Court").

of counsel claims which require information outside of the trial court record, petitioners may not raise in a motion pursuant to § 2255 those claims which petitioner could have, but did not, raise on direct appeal as those claims are considered to have been procedurally defaulted.  See Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); Parkin v. United States, 565 F. App'x 149, 151-52 (3d Cir. 2014).  A reviewing court will only consider procedurally defaulted claims in a § 2255 motion on the merits where the petitioner can either show cause and actual prejudice or actual innocence.  Massaro, 538 U.S. at 504; Frady, 456 U.S. at 167-68; Parkin, 565 F. App'x at 151.  Here, Petitioner failed to perfect his appeal by filing a procedurally proper appellate brief, and Petitioner has therefore failed to raise any of his claims before the Third Circuit on the merits, and thus all of Petitioner's non-ineffective assistance claims are procedurally defaulted and would only be cognizable here if Petitioner were to show cause and actual prejudice or that he is actually innocent.

Turning first to cause and actual prejudice, a petitioner, to show cause, must demonstrate that "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." Parkin, 565 F. App'x at 151 (quoting United States v.

11

Pelullo, 399 F.3d 197, 223 (3d Cir. 2005)).  "Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel."  Pelullo, 399 F.3d at 223.

Counsel's tactical decisions, ignorance of law or applicable acts, or failures that are insufficient to establish constitutional ineffectiveness, however, are insufficient to establish cause for a procedural default.  See Stradford v. United States, No. 11-4522, 2013 WL 5972177, at *3 (D.N.J. Nov. 8, 2013); see also Murray v. Carrier, 477 U.S. 478, 485-87 (1986); Engle v. Isaac, 456 U.S. 107, 134 (1982).  Thus, a petitioner who asserts that counsel's failings establish cause for a default must substantially show that counsel was constitutionally ineffective by establishing both prongs of the Strickland v. Washington, 466 U.S. 668 (1984), test.  Stradford, 2013 WL 5972177 at *4; see also Trevino v. Thaler, --- U.S. ---, ---, 133 S. Ct. 1911, 1917 (2013); Martinez v. Ryan, --- U.S. ---, ---, 132 S. Ct. 1309, 1316-17 (2012); Coleman v. Thompson, 501 U.S. 722, 753-54 (1991) (petitioner generally bears the risk of his lawyer's negligence).  Where a petitioner establishes cause for his default, he must still show that he suffered actual prejudice by showing that the alleged errors he

challenges "worked to his actual and substantial disadvantage
infecting his entire trial with error of constitutional
dimensions." Frady, 456 U.S. at 170.

In his petition, Petitioner provides only two arguments as
to the cause of his procedural default: ineffective assistance
of counsel and that the Government deprived him due process by
making "material misstatements" in its brief opposing
Petitioner's motion to reinstate his appeal before the Third
Circuit. As this Court will explain below, Petitioner has
failed to establish ineffective assistance of counsel under
Strickland in his motion, and as such, his claims of deficiency
of counsel are insufficient to establish cause and actual
prejudice. See Stradford, 2013 WL 5972177 at *4; see also
Trevino, 133 S. Ct. at 1917; Martinez, 132 S. Ct. at 1316-17;
Coleman, 501 U.S. at 753-54.

Turning to Petitioner's second claim, that the Government
somehow denied him Due Process on appeal by making material
misstatements in the Government's opposition to Petitioner's
attempts to reinstate his appeal, Petitioner has provided no
factual support for this claim. Petitioner provides no
explanation of what these "material misstatements" were, or what
effect these alleged misstatements had upon the Third Circuit's
decision to reject Petitioner's request and to ultimately
dismiss Petitioner's appeal. Indeed, given the fact that the

Third Circuit provided numerous opportunities for Petitioner to correct the deficiencies in his appellate briefs, and given the fact that Petitioner failed to file or even attempt to file a conforming brief, it is doubtful that any "misstatement" or other interference by the Government was necessary for the Third Circuit to reject Petitioner's motion.

Moreover, having reviewed the brief about which Petitioner complains, this Court perceives no clear factual misstatements, and sees no way in which the Government can be said to have deprived Petitioner of his right to appeal based on that motion. (See Gov't's Brief in Opposition, Document 1 attached to ECF No. 13 at 1-5). It was Petitioner's own failure to file a conforming brief, and not the Government's opposition to Petitioner's motion, which resulted in Petitioner's inability to pursue his direct appeal. As Petitioner's own failings are insufficient to establish cause and actual prejudice, see Pelullo, 399 F.3d at 223, Petitioner has thus failed to show cause, let alone actual prejudice, sufficient to overcome his procedural default.

As Petitioner has failed to show cause and actual prejudice, his claims may only be heard by this Court if he can show that he is actually innocent. In order to make out a claim of actual innocence sufficient to overcome his procedural default, a petitioner "must show that it is more likely than not

14

that no reasonable juror would have convicted him in the light of" newly raised evidence viewed alongside all of the remaining evidence produced at trial."  McQuiggan v. Perkins, --- U.S. ---, ---, 133 S. Ct. 1924, 1935 (2013); Albrecht v. Horn, 485 F.3d 103, 126 (3d Cir. 2007).  It is not sufficient for a petitioner to assert that he is actually innocent of the charged offenses, he must instead show his innocence by providing "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

The Supreme Court has observed that gateway claims of actual innocence are very rarely successful, and such a claim should be entertained by a court only where the "evidence of innocence [is] so strong that a court cannot have confidence in the outcome of the trial" as "no reasonable juror" could have convicted the petitioner.  McQuiggin, 133 S. Ct. at 1936; see also Calderon v. Thompson, 523 U.S. 538, 558-59 (1998); Hubbard, 378 F.3d at 341 (observing that, given the strong showing required to make out a gateway claim of actual innocence, courts have "summarily rejected" such claims "in virtually every case").

Although Petitioner professes that he is actually innocent in his motion, Petitioner provides no information in support of that assertion.  (See ECF No. 1 at 12).  Petitioner has thus stated, but has not shown, that he is actually innocent, and certainly has failed to provide evidence of his innocence sufficient to show that no reasonable jury would have convicted him under the circumstances.  As such, Petitioner has not made out a gateway claim of actual innocence, and has thus provided no basis for this Court to review his claims despite his procedural default.[2]  Hubbard, 378 F.3d at 339-341.  As such, all of Petitioner's non-ineffective assistance of counsel claims are barred by Petitioner's procedural default, and this Court cannot, and will not, address the merits of those claims. Frady, 456 U.S. at 167-68; Parkin, 565 F. App'x at 151-52.

---

[2] To the extent that Petitioner also intended to raise actual innocence as a stand-alone basis for relief under § 2255, this Court notes that while it is unclear whether a stand-alone actual innocence claim is cognizable under § 2255, what is clear is that to the extent such a claim could be raised, it would require proofs even greater than those required to bring a gateway claim of actual innocence.  See Herrera v. Collins, 506 U.S. 390, 400-404, 417 (1993); District Attorney's Office for the Third Judicial District v. Osborne, --- U.S. ---, ---, 129 S. Ct. 2308, 2321 (2009); House v. Bell, 547 U.S. 518, 554-55 (2006); Albrecht v. Horn, 485 F.3d 103, 121-22, 124 (3d Cir. 2007); Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004). Thus, because Petitioner has failed to establish even a gateway claim of innocence, he has certainly failed to show that he is entitled to relief on a stand-alone actual innocence claim, and he is not entitled to relief on that basis.  Albrecht, 485 F.3d at 122-22, 124.

**3.   Petitioner's ineffective assistance of counsel claims**

The remainder of Petitioner's claims, and the only claims which Petitioner has not procedurally defaulted, are claims of ineffective assistance of counsel at various stages of Petitioner's prosecution.   The standard governing ineffective assistance of counsel claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in [Strickland]. To make out such a claim under Strickland, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."   Id. at 687; see also United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007).   To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." Strickland, 466 U.S. at 687; Shedrick, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005).   A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. Id. The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. Id. In scrutinizing counsel's performance, courts

"must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. Id. at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Shedrick, 493 F.3d at 299. Where a "petition contains no factual matter regarding Strickland's prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. See Palmer v. Hendricks, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [Strickland, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

Judge v. United States, 119 F. Supp. 3d at 280-81.

Petitioner's assertions of ineffective assistance of counsel all suffer from the same fundamental flaw: Petitioner has utterly failed to provide any factual matter regarding

<u>Strickland's</u> prejudice prong, and has instead provided no more than vague conclusions without context or explanation. Specifically, Petitioner presents only the following regarding his ineffective assistance of counsel claims[3]:

> 1.) Trial counsel failed to move for a mistrial; seek a new trial; and seek the recusal of the actually biased judge who presided over the case;

> 2.) Trial counsel failed to seek to withdraw from representation before trial after it became apparent that the attorney-client relationship had irrevocably collapsed;

> 3.) Trial counsel did not prepare a trail defense and/or trial strategy to defend Petitioner;

> 4.) Trial counsel failed to conduct adequate pretrial investigation; or, in the alternative, did not conduct meaningful pretrial investigation in a timely and effective manner;

> 5.) After having numerous consultations and after communicating with [Petitioner], trial counsel disregarded [Petitioner]'s information and contributions, which resulted in professionally deficient and unreasonable conduct which prejudiced [Petitioner] at trial;

> 6.) Trial counsel failed to interview and call specific lay witnesses to testify for [Petitioner] at trial and/or to rebut the testimony of Government witnesses;

> 7.) Trial counsel failed to interview and call specific expert witnesses to testify for

---

[3] This quotation has been reformatted for ease of reading. With the exception of those bracketed words or phrases, however, no alterations have been made to the content of the quotation.

[Petitioner] at trial and/or to rebut the testimony of Government witnesses

8.) Trial counsel failed to conduct adequate . . . impeachment and/or cross-examination of Government witnesses at trial;

9.) Trial counsel failed to file a motion for a bill of particulars[, and] to file a motion challenging [Petitioner]'s defective indictment; to file an interlocutory appeal to the U.S. Court of Appeals based on Double Jeopardy issues emanating from the indictment and/or to seek a pretrial or post-trial hearing on issues relating to the indictment even after the Government elected not to supersede the indictment before trial;

10.) Trial counsel acted in a professionally deficient and unreasonable manner at trial by deferring [Petitioner]'s opening statement and giving an ineffectual opening statement;

11.) Trial counsel acted in a professionally deficient and unreasonable manner at trial by giving an ineffectual summation on [Petitioner]'s behalf;

12.) Trial counsel acted in a professionally deficient and unreasonable manner in failing to file various motions in limine – including a proffer to admit "reverse 404(b)" evidence – on [Petitioner]'s behalf and/or to preclude the admission of certain evidence by the Government

13.) Trial counsel failed to seek a reconsideration of the District Court's ruling of March 3, 2004[,] denying suppression of evidence seized on January 30, 1999[,] despite legal errors and an abuse of discretion by the District Court;

14.) Trial counsel failed to conduct adequate cross-examination: or move to reopen the January 2004 suppression hearing based on facts which were adduced at that hearing;

15.) Trial counsel failed to create demonstrative evidence (e.g., charges as permitted under Federal Rule of Evidence 1006) to defend Petitioner and/or to impeach the Government's witnesses and/or to rebut its arguments;

16.) Trial counsel's post-trial motions on behalf of [Petitioner] were perfunctory and ineffectual;

17.) Trial counsel acted in a professionally deficient and unreasonable manner in failing to obtain crucial <u>Jencks</u> material, to wit, the case agent's grand jury transcript;

18.) Trial counsel acted in a professionally deficient and unreasonable manner in failing to propose specific jury charges during the charge conference at trial;

19.) Trial counsel acted in a professionally deficient and unreasonable manner by failing to object to the admission of assorted evidence and/or testimony and/or argument at trial[;]

20.) Trial counsel acted in a professionally deficient and unreasonable manner by failing to employ various documents, videos, transcripts and other potential physical evidence which had impeachment value for Petitioner's defense which had been furnished to him by [Petitioner] for use at trial[.]

(ECF No. 1 at 8-9).

This recitation of Petitioner's purported ineffective assistance of counsel claims shows that while Petitioner has repeatedly and in many ways asserted claims that his counsel was defective during trial, Petitioner has in every case failed to provide the Court with adequate context or factual allegations

21

to evaluate the claims presented.  Specifically, Petitioner has failed to provide anything but unsupported conclusions of ineffective assistance, and has provide no information whatsoever as to how counsel's alleged failures prejudiced his defense.

Petitioner has thus presented this Court with exactly the sort of unsupported ineffective assistance claims which the Third Circuit has held are insufficient to warrant even an evidentiary hearing, let alone habeas relief.  See Palmer, 592 F.3d at 395; see also Thomas, 221 F.3d at 437 (§ 2255 motions containing conclusory allegations without supporting factual assertions "may be disposed of without further investigation by the District Court").  Petitioner has failed to provide any facts to even suggest Strickland prejudice, and as such cannot show that he has suffered ineffective assistance of counsel. Palmer, 592 F.3d at 395; Cross, 308 F.3d at 315 (failure to show Strickland prejudice fatal to ineffective assistance of counsel claim).  Petitioner is therefore not entitled to relief in his § 2255 motion on the basis of his conclusory ineffective assistance of counsel allegations, and his motion must be denied.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As Petitioner's non-ineffective assistance claims are barred by the doctrine of procedural default, and because Petitioner has failed to establish ineffective assistance of counsel, Petitioner has not made a substantial showing that he was denied a constitutional right, and jurists of reason could not conclude that the claims presented are adequate to deserve

23

encouragement to proceed further on appeal.  Likewise, jurists of reason would not debate that this Court's conclusion that Petitioner's non-ineffective assistance of counsel claims are procedurally barred was correct, nor this Court's determination that Petitioner has failed to show cause and actual prejudice or actual innocence.  As such, this Court will deny Petitioner a certificate of appealability.  Miller-El, 537 U.S at 327; Slack, 529 U.S. at 484.


**IV.  CONCLUSION**

For the reasons set forth above, this Court will deny Petitioner's § 2255 motion and will deny Petitioner a certificate of appealability.  An appropriate order follows.


Date: April 28, 2016                    s/ Noel L. Hillman
                                 Hon. Noel L. Hillman,
                                 United States District Judge


At Camden, New Jersey