```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEFFREY KEARNS GILBERT,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Action No. 14-243 (NLH)<br><br><br>OPINION |

APPEARANCES:

JEFFREY KEARNS GILBERT
4-L-A Arbor Green
275 Green Street
Edgewater Park, NJ 08010
Petitioner, Pro Se

HOWARD JOSHUA WIENER, Assistant U.S. Attorney
PAUL J. FISHMAN, United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101
Attorneys for the United States of America

Hillman, District Judge:

   Currently before the Court is the motion of Petitioner, Jeffrey Kearns Gilbert, for reconsideration of this Court's order and opinion denying his motion to vacate his sentence (ECF No. 24), and his accompanying motions asking this Court to accept his untimely and over-length reply brief after this Court has issued its final decision in this matter  (ECF Nos. 25-26). For the following reasons, this Court will deny Petitioner's

1

motion for reconsideration, and as such will in turn deny Petitioner's motion asking this Court to accept his untimely and over-length reply brief.

I.  **BACKGROUND**

In the opinion denying Petitioner's § 2255 motion, this Court provided the following summary of the procedural history in this matter:

> Petitioner . . . filed his motion to vacate his sentence on or about January 14, 2014. (ECF No. 1). Judge Irenas, who was originally assigned to this matter, entered an order advising Petitioner of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), on April 16, 2014. (ECF No. 3). In his response, Petitioner stated that his original petition set forth all of his claims, but noted that Petitioner intended to incrementally file various briefs in support of his motion, starting with an affidavit and appendix of exhibits to be filed on or before June 30, 2014. (ECF No. 4). After the Government opposed Petitioner's intention to incrementally file his supporting brief, Judge Irenas entered an Order on June 27, 2014, requiring the Government to file an answer to the motion within forty-five days, permitting Petitioner to file a single reply brief, and limiting all briefs in this matter to "40 ordinary typed or printed pages." (ECF No. 7). In a letter accompanying that order, Judge Irenas explained to both Petitioner and the Government that the rules applicable to § 2255 motions would not permit Petitioner to incrementally file his supporting documents, and that Petitioner's request to do so was "specifically denied." (ECF No. 6).

> Following numerous extensions and a request to file a brief not to exceed 47 pages which Judge Irenas granted, the Government filed its answer on August 31, 2015. (ECF No. 13). Petitioner thereafter filed a motion requesting additional time to file his reply brief, which this Court granted, permitting Plaintiff to file his brief on or before December 31, 2015. (See ECF Nos. 14-15). On January 4, 2016, Petitioner filed a letter requesting that this Court relax Judge Irenas's restrictions as to the page limit of Petitioner's reply brief and requesting another extension of time. (ECF No. 17). The Government opposed that motion. (ECF No. 18). On January 13, 2016, this Court entered an Order denying Petitioner's request to relax the page limit restrictions, and granting Petitioner permission to file his reply brief within thirty days. (ECF No. 19). In that Order, this Court also specifically advised Petitioner that he was to file a reply brief and that Petitioner would be provided with no further extensions. (Id.). Despite that order, Petitioner filed two further letters requesting extensions on January 29 and February 18, 2016. (ECF Nos. 20-21).

(ECF No. 22 at 6-7).

On April 28, 2016, this Court issued an order and opinion denying Petitioner's motion to vacate sentence as Petitioner's non-ineffective assistance of counsel claims were procedurally defaulted and Petitioner had not shown cause and prejudice for the default, nor established his actual innocence, and because Petitioner had provided no factual support for his allegations that he suffered ineffective assistance of counsel, and had thus provided no factual allegations sufficient to support a finding of prejudice. (*Id.* at 8-22). This Court also denied Petitioner

a certificate of appealability in that Order and Opinion (ECF No. 22, 23). Nearly a month after the issuance of the Order and Opinion, Petitioner filed with this Court a motion for reconsideration accompanied by his over-length and untimely reply brief, as well as several hundred pages of exhibits Petitioner has not previously filed. (ECF Nos. 24-33). In support of his motion for reconsideration, Petitioner asserts that he has spent many hours and thousands of dollars preparing his reply and accompanying exhibits and had to redraft his brief several times to meet this Court's page limitations. (ECF No. 24 at 1-4). Petitioner also asserts in his motion that he spoke with court staff on a few occasions after this Court's final extension order and was told that the Court "[wa]s inclined to give [Petitioner] more time" to file his reply. (*Id.* at 4). Petitioner thus asserts that this Court should grant his motion because his late reply amounts to new evidence, because he was allegedly misled by court staff, and because it would be unfair to deny him consideration of his reply because he attempts to raise a claim of actual innocence.

**II.  DISCUSSION**

**A.  Legal Standard**

Because Petitioner seeks reconsideration of a final order of this Court, his motion for reconsideration arises under

4

Federal Rule of Civil Procedure 59(e).  The scope of a Rule 59(e) motion for reconsideration is extremely limited.  See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  A Rule 59(e) motion may not be used to relitigate every facet of a case, but rather may be used "only to correct manifest errors of law or fact or to present newly discovered evidence."  Id. "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Id. (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.2d 237, 251 (3d Cir. 2010)).  In the context of such a motion, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred.  See Brown v. Zickefoose, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

As to claims based on allegedly new evidence, "'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling.  Rather, new evidence in this context means evidence that a party could not earlier submit to the court

5

because that evidence was not previously available." Blystone, 664 F.3d at 415 (quoting Howard Hess Dental Labs, 602 F.3d at 252). Evidence which does not meet this definition of "new evidence" "cannot provide the basis for a successful motion for reconsideration." Id.

**B.  Analysis**

Petitioner essentially asserts two bases for reconsideration: that this Court should consider his reply brief and attached exhibits either as new evidence or in the interests of fairness, or that this Court should consider his late documents because he was allegedly misled by court staff. Initially, this Court must note that Petitioner has presented no evidence that any of the information contained in his reply and attached exhibits is in any way "new evidence" in so much as he could have presented any and all of this information previously, but did not do so until after this Court decided his motion to vacate. See Blystone, 664 F.3d at 415. That this information was not presented until after this Court denied the motion to vacate does not make it "new" evidence. Id. Because nothing in Petitioner's proposed reply brief actually qualifies as new evidence Petitioner's motion for reconsideration essentially rises and falls with his assertion that this Court erred in deciding this matter without considering his untimely reply.

6

Petitioner's argument that this Court's denial of his § 2255 is erroneous in the absence of consideration of his reply is incorrect. "A traverse or reply brief . . . is not a required pleading in the § 2255 context. See Rule 5(d) of the Rules Governing Section 2255 Cases; see also Irizarry v. United States, Civil Action No. 12-656, 2012 WL 5494806, at *3 (E.D.Pa. Nov.13, 2012)." Battle v. United States, Civil Action No. 13-2024, 2015 WL 3991167, at *4 (D.N.J. June 30, 2015). As a result, "it does not amount to legal error for a District Court to decide a § 2255 motion in the absence of a reply brief where that reply is not received by the deciding court until after it makes its ruling." Id.; see also Irizarry, 2012 WL 5494806 at *3.

Here, Petitioner's reply brief was originally due in the fall of 2015. This Court, however, granted Petitioner an additional three months to file his reply brief, giving him until the end of December 2015 to file the brief. (ECF No. 16). After Petitioner failed to meet that extended deadline, Petitioner again requested an extension of time to file that brief. (ECF No. 17). Although this Court granted that extension and gave petitioner thirty days to file his reply brief on January 13, 2016, in that same order this Court specifically informed Petitioner that "no further extensions shall be given." (ECF No. 19 at 6). Petitioner was thus

7

required to file his reply, if he wished to do so in a timely fashion, by February 12, 2016.  Petitioner failed to do so, and this Court ultimately decided Petitioner's motion to vacate two months later on April 28, 2016. (ECF Nos. 22-23).  Even after that occurred, Petitioner did not file his purported reply for nearly another month, filing his motions and reply on May 24, 2016. (ECF Nos. 24-31).

    Given these facts, Petitioner clearly failed to file his reply brief within the time allotted by this Court, and nothing in the record suggests that this Court at any time lifted its Order directing that Petitioner would be granted no further extensions beyond February 12, 2016.  Because Petitioner failed to file his reply within the timeline set by this Court's prior orders, and because a reply brief is not a required document in the § 2255 context, this Court did not err in deciding Petitioner's § 2255 motion prior to the filing of a reply brief that may otherwise not have been filed for several months. <u>Battle</u>, Civil Action 2015 WL 3991167 at *4.

    This is especially true in Petitioner's case given his long history of failing to timely file briefs, such that the Third Circuit actually dismissed his direct appeal for failure to prosecute after repeated failures to file compliant briefs. Thus, this Court's ruling does not amount to legal error merely

8

because it did not consider a later reply brief that was not required.

An additional issue arises out of the fact that Petitioner's reply brief raises numerous factual issues and provides significant amounts of legal argument that were not truly presented in his initial § 2255 motion, or were presented in that motion in only a barebones fashion. As this Court explained to Plaintiff in its January 13, 2016, Order, "'It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted.' Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 998 F. Supp. 447, 458 (D.N.J. 1998); see also Jurista v. Amerinox Processing, Inc., 492 B.R. 707, 779-80 (D.N.J. 2013). '[N]ew arguments cannot be raised for the first time in reply briefs.' Jurista, 492 B.R. at 779-80 (citing Elizabethtown Water Co., 998 F. Supp. At 458)."

The reason for such a rule is clear: it would be fundamentally unfair to the Government to permit Petitioner to provide the true bases for his claims after the Government has used its only opportunity to respond by answering the barebones motion Petitioner previously filed. Because Petitioner's reply is largely made up of arguments and alleged facts which were not previously raised in Petitioner's § 2255 motion, this Court would be well within the bounds of propriety to refuse to

consider the arguments contained in the reply for that reason as well, see Judge v. United States, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (a court may disregard claims and arguments raised for the first time in reply as basic fairness "requires that an opposing party have . . . fair notice of his adversary's claims, as well as an opportunity to address those claims"), and this Court's deciding of Petitioner's motion to vacate without considering Petitioner's reply brief was proper for that reason as well.

To the extent that Petitioner asserts that it would be unfair for this Court to disregard his untimely reply brief because Court staff allegedly told him the Court was inclined to give him more time, that assertion is undocumented.  Even if Petitioner's assertion were true, however, that comment by a staff member would be insufficient to warrant Rule 59(e) relief. While the Court does regularly permit late submissions in prisoner and pro se cases as a matter of fairness, there is no evidence that this Court intended such relief in this case. Indeed, this Court's final extension order in January 2016 specifically told Petitioner that he would receive no further extensions beyond February 12, 2016.  Thus, the record indicates that Petitioner should have been well aware that his case was subject to decision, with or without a reply brief, after February 12, 2016.

10

Moreover, for the reasons provided above, this Court would have exercised its discretion to deny Petitioner's current request for permission to file a grossly late, optional filing which fails to conform not only with this Court's scheduling and length restrictions, but also with the procedural rules applicable to reply briefs, even if it had not already decided Petitioner's motion to vacate sentence.

Finally, Petitioner's argument that it would be manifestly unjust to deny consideration of his reply because of the time and energy he invested in creating his reply brief in light of the extensions provided to the Government also fails to provide a valid basis for reconsideration. Although it is true that the Government was provided with several extensions, Petitioner, too, has had several years to prepare the documents in support of his Petition. Indeed, if one considers the numerous months during which Petitioner failed to file a compliant brief with the Third Circuit on direct appeal, Petitioner has had since April 2006, when he filed his notice of appeal, to collect and prepare any claims he may have as to deficiencies in his criminal trial, which he failed to do for more than a decade.

Even in this current matter, Petitioner was previously afforded the opportunity to file a brief in support of his § 2255 motion, but failed to do so. Petitioner likewise had the entire period during which this matter was pending, between

11

January 2014 and February 2016, to acquire all of the documents he needed and prepare his arguments, and was provided several months after the filing of the Government's answer to file his reply.  Given this history, and the considerable opportunity Petitioner has had to raise any claim he may have, as well as Petitioner's failure to timely raise those claims in any forum which has permitted him to do so, it clearly would not be manifestly unjust to refuse to consider a late, optional reply brief which in any event contains arguments that this Court could not consider as they have been raised for the first time in reply.

This Court has not overlooked any dispositive issues which were properly presented to it, and it was not error to refuse to wait for a reply that may never have come before deciding Petitioner's § 2255 motion.  Petitioner has thus failed to establish that any manifest injustice occurred here.  See Brown v. Zickefoose, 2011 WL 5007829 at *2, n. 3.  Petitioner's motion for reconsideration shall therefore be denied.

Because this Court will deny Petitioner's motion for reconsideration, and will thus not consider Petitioner's late and over-length reply brief as this matter is well and truly finished, the Court will in turn deny Petitioner's motions for permission to file his over-length and untimely reply brief as if filed within time.

**III.  CONCLUSION**

For the reasons set forth above, this Court will deny Petitioner's motion for reconsideration (ECF No. 24) and will in turn deny Petitioner's motions requesting permission to file an over-length and untimely reply brief (ECF Nos. 25, 26).  An appropriate order follows.


Date: July 28, 2016

                                    s/ Noel L. Hillman
                                  Hon. Noel L. Hillman,
                                  United States District Judge

At Camden, New Jersey